## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | |
|---|---|
| DEBORAH SAPP, ) | |
| ) | Civil Action No.   2:20-cv-120 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| BEACON HEALTH MANAGEMENT, ) | |
| LLC and AM SNF, LLC d/b/a ) | |
| ALTAMAHA HEALTHCARE ) | |
| CENTER, ) | |
| ) | |
| Defendants. | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Deborah Sapp ("Plaintiff" or "Mrs. Sapp"), by and through undersigned counsel, and files this her Complaint for Damages against Defendants Beacon Health Management, LLC (hereinafter "Beacon") and AM SNF, LLC d/b/a Altamaha Healthcare Center ("Altamaha"), (collectively "Defendants"), and shows this court:

## NATURE OF COMPLAINT

1.

Plaintiff was employed jointly by Defendants at their location in Jesup, Georgia. This action is brought for damages, liquidated damages, and attorney fees

to remedy age discrimination by Defendants in the terms, conditions and privileges of employment in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et seq. ("ADEA"). In addition, this is an action for gender discrimination authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq. for damages.

## JURISDICTION AND VENUE

2.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1337; 42 U.S.C. § 2000e *et seq.*; and 29 U.S.C. § 626.

3.

Plaintiff filed a charge of discrimination on the basis of age and gender against Defendants with the Equal Employment Opportunity Commission ("EEOC") on September 4, 2019, complaining of the acts of discrimination alleged herein.

4.

The EEOC notified Plaintiff of her right to institute this action by issuance of a "Notice of Right to Sue" on her charge, which was dated August 13, 2020 and received by Plaintiff August 18, 2020 (attached as Exhibit "1").

5.

Plaintiff has complied fully with all administrative prerequisites to suit.

6.

Venue is proper within this District because the unlawful practices complained of herein occurred within the Southern District of Georgia. Accordingly, venue lies in the United States District Court for the Southern District of Georgia under 28 U.S.C. § 1391(b).

## PARTIES

7.

Defendant Beacon is a foreign limited liability company qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this district and is subject to the jurisdiction of this court. Defendant Beacon has employed twenty (20) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and is an employer within the meaning of the ADEA, 29 U.S.C. § 630(b) and within the meaning of Title VII, 42 U.S.C. §§2000e, 2000e-2(a).

8.

Defendant Beacon may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30006.

9.

Defendant Altamaha is a foreign limited liability company qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this district and is subject to the jurisdiction of this court. Defendant Altamaha has employed twenty (20) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and is an employer within the meaning of the ADEA, 29 U.S.C. § 630(b) and within the meaning of Title VII, 42 U.S.C. §§2000e, 2000e-2(a).

10.

Defendant Altamaha may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30006.

11.

Plaintiff, Deborah Sapp, ("Plaintiff" or "Sapp") is a fifty-seven (57) year old female who, at all times relevant to this matter, was employed by Defendants. Plaintiff is a member of a protected group based on her sex/gender and age. Plaintiff submits herself to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

12.

Plaintiff worked for Defendants, or some corporate iteration, for twenty-two (22) years. Plaintiff served as Director of Nursing from 1996 to 1998 and as Licensed Nursing Home Administrator from 1998 until she was terminated March 11, 2019.

13.

During her tenure as Licensed Nursing Home Administrator, Plaintiff's facility achieved Defendants' lowest employee turnover rates - a testament to the fact that Mrs. Sapp always maintained a stable and professional work environment.

14.

Mrs. Sapp was a dedicated employee. Mrs. Sapp had perfect attendance over her long career, and achieved the highest clinical, financial, and survey results for Defendants.

15.

Mrs. Sapp's facility was Defendants' highest rated and Defendants only Four Star rated nursing home facility at the time.

16.

At all times relevant to this matter, Plaintiff had an excellent work record and was well qualified for the position she held.

17.

Mrs. Sapp was never written up, nor received any other disciplinary measures, her entire twenty-two (22) year career with Defendants, until she was terminated.

18.

Mrs. Sapp created a positive and professional work environment.

19.

Mrs. Sapp's common tone was always professional to her staff.

20.

Mrs. Sapp never once used foul or inappropriate language to her staff.

21.

Mrs. Sapp never yelled at employees.

22.

On or about February 2019, Plaintiff began to experience age and gender-based discrimination at the facility.

23.

Although Defendants purport to provide a legitimate non-discriminatory reason for the termination, the reasons are pretextual.

24.

Defendants claim that in February 2019, there were countless complaints made by numerous employees against Mrs. Sapp and that on February 20, 2019, a full onsite investigation was performed.

25.

The entire investigation was pretextually performed to find a reason to terminate Mrs. Sapp because of her age and gender.

26.

The alleged complaints did not just occur out of the blue and only certain employees were interviewed as part of this sham investigation.

27.

Defendants utterly failed to perform a complete investigation, but only performed an investigation to reach a predetermined result – which was to terminate an aging employee and replace her with a substantially younger male worker.

28.

The investigation did not follow company policy and did not allow Mrs. Sapp to view the allegations against her or even respond.

29.

The investigation was manipulated to achieve a discriminatory result.

30.

Mrs. Sapp was treated differently than male administrators, managers, and supervisors who had similar complaints made against them.

31.

Plaintiff has been treated less favorably than similarly situated employees outside of her protected classes.

32.

Mrs. Sapp's termination was a departure from the progressive disciplinary policy.

33.

Defendants have systematically replaced older female workers with substantially younger male workers.

34.

Plaintiff was replaced with a substantially younger male worker.

## CLAIMS FOR RELIEF

## COUNT I - AGE DISCRIMINATION IN VIOLATION OF THE ADEA

35.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

36.

Plaintiff has been treated less favorably than similarly situated employees outside of her protected class.

37.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment based on her age constitutes unlawful discrimination in violation of ADEA, as amended.

38.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith.

39.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her age.

40.

As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has lost wages and benefits, in addition to liquidated damages, for which she is entitled to recover from Defendants.

41.

Plaintiff is also entitled to reinstatement or front pay in lieu thereof, equitable relief, attorneys' fees, costs and all other relief recoverable under the ADEA.

42.

Defendants discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has

not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

43.

Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' purposeful discriminatory practices unless and until this Court grants relief.

## COUNT III – TITLE VII
### (Gender / Sex Discrimination)

44.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

45.

**"42 US Code § 2000e–2 - Unlawful employment practices" states**:

"(a) EMPLOYER PRACTICES It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

## A. <u>SINGLE-MOTIVE CLAIM</u>

46.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

47.

Defendants, motivated by Plaintiff's status as a female, discriminated against Plaintiff in violation of Title VII by discharging her.

48.

Because of Plaintiff's gender, Defendants discriminated against her as set forth above.

49.

By reason of the foregoing, Defendants have deprived Plaintiff of certain benefits, privileges and terms and conditions of employment and denied her continued or same employment because of her sex.

50.

Defendants treated employees outside Plaintiff's protected class differently. Mrs. Sapp was treated differently than male administrators, managers, and supervisors who had similar complaints made against them.

51.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination.

52.

Although Defendants purport to provide a legitimate non-discriminatory reasons for the adverse action, these reasons are a pre-text.

53.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

54.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her sex.

55.

As a direct and proximate result of Defendants' violation set forth above, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

56.

As a result of Defendants' discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

57.

Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief.

### B. MIXED-MOTIVE CLAIM

58.

Plaintiff realleges the preceding paragraphs as if set forth fully herein.

59.

Alternatively, Defendants motivated in part by Plaintiff's status as a female and motivated in part by other reasons, discriminated against Plaintiff in violation of Title VII by discharging her.

### COUNT III: PUNITIVE DAMAGES

60.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

61.

The foregoing acts of Defendants were intentional and humiliating and evince a conscious disregard for the circumstances and rights of others, and a specific intent to cause harm.

62.

Plaintiff is entitled to recover from Defendants, in addition to compensatory damages, an award of punitive damages to punish or to deter Defendants from repeating such wrongful acts.

63.

Defendants discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

64.

Plaintiff thus seeks compensatory and punitive damages pursuant to the Civil Rights Act of 1991.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a)   Special damages and/or damages for lost wages and benefits and prejudgment interest thereon under the ADEA;

(b)   Liquidated damages under the ADEA;

(c)   General damages for mental and emotional suffering and punitive damages under Title VII based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d)     Reasonable attorney's fees and expenses and costs of litigation under Title VII and the ADEA;

(e)     Prejudgment interest at the rate allowed by law;

(f)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein;

(g)     Trial by jury as to all issues; and

(h)     All other relief to which she may be entitled.

Respectfully submitted the 9th day of November, 2020.

**CHARLES HERMAN LAW**

/s/ Charles Herman
Charles Herman
Georgia Bar No. 142852
*Attorney for Deborah Sapp*

7 East Congress Street, Suite 611A
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
charles@charleshermanlaw.com